Briget E. Porche, wife of J. A. LeBlanc, *v.* J. A. LeBlanc et al. and J. A. LeBlanc, Tutor, *v.* A. Miltenberger et als.—Madeline Breaux and E. Porche, Intervenors.

Where the wife renounces, in favor of a mortgage creditor of her husband, her prior tacit mortgage on his property, for the restitution of her paraphernal effects, such renunciation, which is a mere waiver of the rank to which her mortgage was entitled, does not subrogate the creditor to the wife's paraphernal claims against her husband; and this creditor, not being the transferee of these claims, cannot exercise the wife's right of mortgage. In asserting his claims upon the mortgaged property he can look only to his own mortgage, taking effect from the date of its inscription. Such a renunciation by the wife does not contravene Art. 2412 of the C. C. and is expressly authorized by the Act of 1835. A declaration, in the act of renunciation, that it shall deprive the wife irrevocably of all recourse on her husband's property, will not invalidate the contract, but may be treated as mere subterfuge, and is not binding on her. Nor does the husband's having stipulated with his creditor to procure his wife's renunciation affect in the least its validity, without proof of threats of violence on his part, or of fraud.

The vendor of an immovable or slave must cause the act of sale to be duly recorded, in order to preserve his privilege; if not so recorded within six days from its date, if passed in the place where the registry of mortgages is kept, adding one day for every two leagues from the place where it was passed to that where the Register's office is kept, it has no effect as a privilege—*i. e.*, it confers no preference over creditors who have acquired a mortgage in the meantime, which they have recorded before it; but it will still avail as a mortgage, and be good against third persons from the time of its being recorded.

A resolutory condition is implied in every commutative contract, where either party fails to comply with his obligations; but such contract is not dissolved of right, and the party complaining of its breach may either sue for its dissolution, or demand a specific performance.

Compensation must be pleaded specially.

A merchant's books are not evidence in his favor; nor can they be used as such by his creditors to establish a debt claimed as being due to him, especially where no fraud or collusion between the merchant and his alleged debtor is charged or proved; nor can a partner be received as a witness to prove a debt due to the partnership.

Art. 2260, C. C., must be construed as applicable to cases in which the interest of an ascendant or descendant of the witness is directly involved.

A bill of exceptions which does not state the grounds on which it is taken cannot be examined.

APPEAL from the District Court of Terrebonne, *Cole*, J.

*L. Bush*, for plaintiff. *A. Beatty & Malhiot*, for defendants, intervenors and appellants.

Voorhies, J. The forced alienation of the property of *Joseph A. LeBlanc*, made at the instance of several of his judgment creditors, has given rise to various oppositions on the part of some of his other creditors, claiming to be paid by preference out of the proceeds of the sale.

1. *Briget E. Porche*, his wife, alleges that he is indebted to her for her paraphernal property in the sum of $7081·31, secured by a legal or tacit mortgage, for which she claims to be paid by preference over the other creditors. It is shown, that on the 29th of May, 1851, *A. Miltenberger & Co.* accepted a draft drawn on them by *Joseph A. LeBlanc* for the sum of $1400, payable on the 20th of February, 1852, for the security of the payment of which the latter mortgaged to the former the property thus sold, stipulating at the same time to procure the renunciation of his wife in their favor. The mortgagees also stipulated to accept the drafts of the mortgagor, for his accommodation, for an additional sum of $3600, payable at any time after the maturity of the one above described, and to be identified by the Notary with the act of mortgage. The inscription of the mortgage thus given appears to have been made on the

7th, and the renunciation of the wife on the 30th of June, 1851. The evidence establishes the receipt by *LeBlanc* of the following sums of money for the account of his wife, to wit: in May, 1850, $250 77; in May, 1851, $1101 44; in May, 1852, $749 70; and in May, 1853, $728 06. In passing on her claim, the court below decreed, in distributing the proceeds of the sale, that *A. Miltenberger & Co.* be allowed $250 77, "being the amount to which *Mrs. B. E. Porche* is entitled from May, 1850, and to which *A. Miltenberger & Co.* are entitled by virtue of the renunciation of the said *Mrs. LeBlanc.*" And further, "to *Mrs. B. E. Porche*, wife of *J. A. LeBlanc*, for the use and benefit of *A. Miltenberger & Co.*, subrogated to her rights by virtue of her renunciation, $1101 44, due as of May, 1850."

*Briget E. Porche* is appellant from the judgment thus rendered against her in favor of *A. Miltenberger & Co.*

We think the court below erred in holding, that the appellees were subrogated to the rights of the appellant. The rank to which her own mortgage was entitled, was the only thing yielded by the latter's renunciation in favor of the former. A mortgage is merely the accessory to a principal obligation. It follows then, as a natural consequence, that the right of mortgage can only be exercised by the obligee or transferree of the principal obligation. The appellees were not the transferrees of the claim of the appellant against her husband; hence they could not exercise her right of mortgage. In asserting their claims to a preference, they could only look therefore to their own mortgage, taking effect from the date of its inscription on the 7th June, 1851. But it is conceded on her part, that the sum of $250 77 constitutes the only matter in contestation, as the proceeds in question are absorbed by other mortgages acquired previous to the receipt of the other sums by her husband.

The validity of the renunciation, attacked on several grounds, and its admissibility in evidence, are therefore the only remaining questions submitted to our decision. In regard to the latter, as the objection could only go to its effect, we think it was properly overruled by the court below. It is urged that "the wife, under Article 2412 of the Civil Code, whether separated in property by contract, or by judgment, or not separated, cannot bind herself for her husband, nor conjointly with him, for debts contracted by him before or during the marriage." But the appellant in this case cannot be considered as having contracted any such obligation. It is true the renunciation of the wife in the case of *Gasquet v. Dimitry*, 9 L. R. 589, was considered as having the effect of making her surety for the payment of her husband's debts. But the law then in force, conceding the correctness of that decision, was subsequently so modified by the statute of 1835 as to authorize expressly the wife of full age to make such renunciations as the one under consideration. The declaration in the act of renunciation in the present case, that such renunciation deprived the appellant, irrevocably, of all recourse on the property of her husband, did not have the effect of invalidating her contract, inasmuch as such declaration may be treated as mere surplusage, and not binding upon her. Neither do we consider her husband's stipulation to procure her renunciation as affecting in the least her contract with the appellees, in the absence of any allegation or proof of threats of violence, or fraud on his part. The act of renunciation, in which the description of the property, as well as the nature of her claim upon the same is fully set forth, refers specially to the act of mortgage in favor of the appellees. Both these acts must, therefore, be taken to-

gether, as the evidence of the contract between the parties; for we are not aware of any law which requires the nature and amount of the debt due by the husband to be specifically set forth in the renunciation which the wife makes of her right of mortgage.

2d. At the judicial sale of the estate of *Oliver LeBlanc*, deceased, made in the parish of Assumption on the 8th of July, 1848, *Joseph A. LeBlanc*, then a resident of the parish of Lafourche, became the purchaser of a slave named *Gabriel* for the price of $1580, payable one-third in March, 1849; one-third in March, 1850, and one-third in March, 1851; with interest thereon at eight per cent. per annum, from their maturity until paid, for which he gave his three promissory notes, to the order of, and endorsed by, *M. A. LeBlanc*, and identified by the notary with the act of sale. To secure their payment, a special privilege was reserved on the slave.

The act of sale was recorded in the parish of Assumption on the 28th of September, 1848; in the parish of Lafourche on the 4th of September, 1851; and in the parish of Terrebonne, to which *Joseph A. LeBlanc*, the vendee, had removed on the 6th of October, 1851.

*Madame Breaux*, the surviving spouse of the deceased, and administratrix of his succession, claims the vendor's privilege on the proceeds of the slave *Gabriel*, embraced in the property thus seized and sold, and adjudicated to *A. Miltenberger & Co.* for the price of $1400.

By the judgment of the court below, from which the administratrix is appellant, her claim to a mortgage and privilege was recognized to take effect only from the 6th of October, 1851, the date of the inscription of the act of sale in the parish of Terrebonne, giving the preference over her to the other creditors, whose mortgages and privileges had been previously recorded.

The appellant has submitted two questions for our decision.

"1st. As to the relative rank of the said vendor's privilege, and the tacit and judicial mortgages."

2d. Whether, in case said vendor's privilege should be considered lost from non-registry within due time, any change should be made in the judgment, in view of the danger of *A. Miltenberger & Co.*, as purchasers of the slave *Gabriel* to be evicted by an action in rescission of the adjudication of July, 1848, for non-payment of the price."

In order to preserve his privilege, the law requires the vendor of an immovable or slave to cause the act of sale to be duly recorded. His privilege is valid against third persons from the date of the act, when such act has been duly recorded within six days from its date, if passed in the place where the registry of mortgages is kept, or adding one day more for every two leagues from the place where it was passed to that where the Register's office is kept. C. C. 3238, 3240. But where the act has not been recorded within the time thus prescribed, Article 3241 of the Civil Code declares, "it shall have no effect as a privilege, that is to say, it shall confer no preference on the creditor who holds it, over creditors who have acquired a mortgage in the mean time, which they have recorded before it; it shall, however, still avail as a mortgage, and be good against third persons from the time of its being recorded." In the case at bar it is clear, that the act of sale, in consequence of its non-registry within the time required by law, can have no effect as a privilege. As a mortgage, it can only take effect in favor of the appellant from the date of its inscription on the 6th of October, 1851, as decided by the court below.

The only question involved in the issue joined between the parties in this case is, whether the appellant is entitled to the vendor's privilege on the slave *Gabriel.* It is clear, therefore, that the question as to the danger of the eviction of the purchasers of the slave can not be raised by the appellant. Had the sale been on credit, in case of such danger, *A. Miltenberger & Co.* alone might, perhaps, avail themselves of the objection to suspend the payment of the price. (C. C. 2535.) But it is plain the appellant could not. Besides it is not very clear that the cause assigned by the appellant, would afford legal grounds of eviction. A resolutory condition is implied in every commutative contract, where either of the parties fail to comply with his engagement. But such contract is not dissolved of right ; the party complaining of its breach may either sue for its dissolution, or demand its specific performance. The vendee's failure to pay the price, gives to the vendor the right to claim the dissolution of the sale. C. C. 2041, 2539. Whether the appellant's claim to the vendor's privilege in this case amounted to an implied ratification of the judicial sale, and consequent abandonment of her right to claim the dissolution of the sale from the deceased to the seized debtor, is a question on which we think it is unnecessary for us to express any opinion. We are, therefore, of opinion, that the judgment of the court below on this branch of the case ought not to be disturbed.

3d. On the 10th of April, 1851, *Henry M.* and *Henry C. Thibodeaux* obtained a judgment against *Joseph A. LeBlanc* on two promissory notes, drawn by him and *Dantin,* as commercial partners, each for the sum of $3500, payable, one in February and the other in March, 1851, to the order of and endorsed by *Evariste Porche,* who was also sued by them as endorser. This judgment, recorded in the parish of Terrebonne on the 17th April, 1851, was transferred to *Evariste Porche* on the 1st of September, 1854, the transferrers acknowledging the receipt of $7000 on the 9th of May, 1851, as the consideration of the transfer with the right of subrogation to him.

*Porche* also filed due opposition in this case, claiming a preference on the Sheriff's sale for the payment of his judgment, secured by a judicial mortgage resulting from the registry thereof.

*A. Miltenberger & Co.* are appellants from the judgment of the court below sustaining his opposition, to which there appears to be no answer either by the appellants or the other seizing creditors.

In is urged in the appellant's brief, that the judgment thus transferred to *Porche* is extinguished by compensation ; that he was in the habit of trading with *LeBlanc,* who was a merchant keeping a regular set of books, which exhibit the following balances against him, to wit: $3219 58, due 1st March, 1849 ; $2688 89, due March 1st, 1850 ; and $822 ; making, with 8 per cent. interest thereon from maturity, a few dollars more than the amount of his judgment.

On the trial below, *Porche* objected to the introduction of *LeBlanc's* commercial books, and to the testimony of *Dantin,* on the grounds : 1st, because the evidence was inadmissible under the pleadings, no allegation having been made of his indebtedness to *LeBlanc ;* and even had such an allegation been made, the evidence would still have been inadmissible, inasmuch as the claim urged against him is unliquidated, and not allowable as a plea in compensation ; 2dly, because the books could not be used in evidence against him in favor of *LeBlanc* or the creditors of *LeBlanc ;* and, 3dly, because *Dantin* was incom-

petent as a witness to prove the correctness of the books or accounts of the firm of LeBlanc & Dantin, of which he was a member, on the score of interest.

We think the court below erred in overruling these objections. Conceding, for the sake of argument, that the compensation urged by the appellants against the appellee was at all available, as a matter of defence, it should have been specially pleaded. "The books of a merchant cannot be given in evidence in their favor; they are good evidence against them, &c." C. C. 2244. If the merchant cannot give his books in evidence in his favor, it seems to us to follow as a natural consequence, that his creditors also cannot exercise that right, especially in the absence of any allegation or proof of fraud and collusion between the former and his debtor against the latter.

The objection to Dantin's competency as a witness, on the ground stated, appears to us to be well taken, and ought to have been sustained by the court below.

The decision of the question as to the sufficiency of the evidence to sustain the ground of defence urged by the appellants, is therefore considered by us as immaterial. The judicial mortgage in favor of Evariste Porche is, therefore, entitled to take effect from the 17th of April, 1851, the date of the recording of his judgment in the parish of Terrebonne.

4. An opposition was also filed by Joseph A. LeBlanc, as natural tutor to his minor children by a former marriage, in which he alleges that they are entitled as heirs of Marie Celina Thibodeaux, their deceased mother, to the following sums, secured by a legal or tacit mortgage, $1000, which he received in 1845 on account of his said deceased wife from the estate of her mother, Marie Rosalie Hymel, deceased spouse of Henry M. Thibodeaux, and converted to his own use and benefit; and $3710, the one-half of the property of the community between him and his said wife, which was dissolved by her death on the 16th July, 1846.

The court below considered that the minors were entitled to recover the sum of $1388 32, $1000 of which as the paraphernal property of their mother, and the residue as her interest in the community, and accordingly gave judgment in their favor.

A. Miltenberger & Co. are also appellants from this judgment.

It is insisted by them, that the evidence is insufficient to establish the paraphernal claim of $1000, without the testimony of E. Porche and L. Barras, to the admission of which our attention has been directed to two bills of exceptions taken by them on the trial below.

Porche's incompetency as a witness is placed on the ground, that Briget E. Porche, his daughter, is one of the parties litigant in this case.

The Article 2260 of the Civil Code, on which the appellants rely for the exclusion of this witness, must be construed, in our opinion, as applicable to cases in which the interest of an ascendant or descendant is directly involved in the controversy. In the present case the claim of the minors is opposed only by the appellants. Had it been also opposed by Briget E. Porche, then the objection to the competency of the witness would certainly have been good.

The other bill of exceptions merely sets forth, that L. Barras on his examination "stated his belief that H. M. Thibodeaux had paid J. A. LeBlanc the amount coming to the wife of said J. A. LeBlanc from the settlement of the estate of her mother, wife of said H. M. Thibodeaux, but did not know it

himself, and the creditors objected to such evidence, &c." As the grounds on which this objection rests are not stated in the bill of exceptions, we are not permitted to examine it. *Duplessis* v. *Kennedy*, 6 L., 242. We have, however, given to the testimony the legal effect or weight to which it is entitled, taking into account the fact, that the witness should have stated the circumstances on which his belief was founded.

The appellants also insist, that the other amount allowed to the minors is not sustained by the evidence. The only question presented on this point is one of fact. A careful perusal of the evidence has satisfied us of the correctness of its decision by the court below.

It is, therefore, decreed, that the judgment of the court below, so far as it declares *A. Miltenberger & Co.* to be subrogated to *Briget E. Porche's* right of mortgage, be amended in favor of the latter by reversing and avoiding the same, as prayed for in her answer to the appeal ; that the mortgage claim of said *A. Miltenberger & Co.* be only classed to be paid in preference to that of the said *Briget E. Porche*, by virtue of the renunciation of the latter ; and that, in all other respects, said judgment be affirmed, with costs.

Spofford, J., and Cole, J., took no part in this decision.